**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL T. SEFERROCHE f/k/a MICHAEL T. ROCHE, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. |
| v. | ) ) |
| CHICAGO PUBLIC SCHOOLS and THE CHICAGO BOARD OF EDUCATION, | ) ) ) |
| Defendants. | ) ) |

**<u>COMPLAINT</u>**

Plaintiff, MICHAEL T. SEFERROCHE, by and through his attorneys, Timothy J. Coffey of The Coffey Law Office, P.C., complains of Defendants, CHICAGO PUBLIC SCHOOLS and THE CHICAGO BOARD OF EDUCATION as follows:

**<u>Nature of Case</u>**

1.     Plaintiff brings this action against Defendants to recover damages proximately caused by Defendants' discriminatory acts in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. § 1981 (hereafter "Section 1981").

**<u>Jurisdiction and Venue</u>**

2.     This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, and 28 U.S.C.  § 1343, and 42 U.S.C. 1981.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendants' illegal acts complained of herein took place at

Defendants' offices located within the geographical jurisdictional boundaries of this Court.

4. On December 7, 2009, Plaintiff Michael T. Seferroche (hereafter "Michael") filed a timely charge of illegal race and/or national origin discrimination in violation of Title VII with the local district office of the EEOC. On December 30, 2009, the EEOC issued its Notice of Right to Sue to Michael.

5. In January 2010, Michael was notified by Defendants' supervisory and/or managerial employee Julie Ricker that Defendants issued a letter stating they were going to reinstate Michael back into his former position with full retroactive pay. Ms. Ricker told Michael he would be receiving a copy of the reinstatement letter.

6. In February 2010, after not receiving a copy of the reinstatement letter, or otherwise being advised as to the status of reinstatement, Michael called Ms. Ricker and spoke with her on at least two occasions. Each time, Ms. Ricker reiterated that Michael should be receiving a copy of the reinstatement letter at his home.

7. Based on such information, Michael refrained from filing suit in federal court within the 90-day period following his receipt of the EEOC Right to Sue Notice.

8. In April 2010, having heard nothing further from Defendants about being reinstated, and not having received the reinstatement letter that he had been advised of, Michael went to Defendants' HR office at 125 S. Clark Street, Chicago, IL. Once there, he requested to see the reinstatement letter. Defendants' supervisory and/or managerial employee Mark Harris showed Michael a copy of the letter.

9. Michael confirmed that the letter stated that Defendants would reinstate him with full back pay. Michael noted that the letter was addressed to Von Stuben Principal

Pedro Alonso.  Michael was not allowed to make a copy of the letter.  Mr. Harris stated that he would mail a copy to Michael.

10.    On or about April 29, 2010, Mr. Harris did in fact send Michael an e-mail with an attached letter.  The attached letter, however, was not the letter Michael reviewed at Defendants' HR office.  The letter Mr. Harris attached to the e-mail was dated August 3, 2009, and concerned Defendants' original termination of Michael's employment.

11.    In May 2010, Michael e-mailed Mr. Harris asking again for a copy of the reinstatement letter that was addressed to Principal Alonso that Michael reviewed during his April visit to Defendants' office and face-to-face discussion with Mr. Harris.

12.    Also, in May 2010, Michel submitted a written FOIA request to Defendants' FOIA Officer for a copy of the reinstatement letter.  To date, Defendants have failed to reply to Michael's FOIA request.

13.    In June 2010, Michael met with hearing officer in Defendants' HR Department and was told to submit a "grievance letter" to the HR Director, Cheryl J. Colston.

14.    Michael thereafter did in fact submit a letter explaining the facts and circumstances to Ms. Colston.  To date, neither Ms. Colston, nor anyone else on Defendants' behalf, has replied to Michael's letter.

15.    Prior to filing this complaint, Michael's counsel contacted Defendants' legal department in an effort to determine whether any such "reinstatement" letter existed and, if so, whether any resolution could be discussed and/or reached to prevent court involvement.  Attorney Jennifer Wu refused to disclose any information, or

discuss whether any reinstatement letter was issued. She instead stated that she would await receipt of the complaint.

## The Parties

16. Michael is a Caucasian, male of Irish and Polish ancestry and descent residing at all relevant times in the City of Chicago, Cook County, Illinois.

17. At all times relevant hereto, Defendant Chicago Board of Education (hereafter the "Board") operated Defendant Chicago Public Schools (hereafter "CPS"). The Board is principally engaged in the business of educating children in the City of Chicago by and through CPS. The Board and CPS are collectively referred to herein as "Defendants."

18. Defendants are a local education agency, a public employer, and at all relevant times employed in excess of 500 persons at its various facilities within this Court's geographical jurisdiction, and was and is thus an employer and covered entity as defined under the Title VII.

## Common Facts

19. In March 2008, Michael began his employment with Defendants in the position of Instructional Aide Paraprofessional. He worked at Defendants' Von Stuben Metropolitan Science Center.

20. Early in June 2009, Von Stuben Principal Pedro Alonso informed Michael that his employment would end at the end of that school year (i.e., June 20, 2009) due to budget cuts. Mr. Alonso indicated that Michael may be recalled after the new school year starts should the budget allow.

21.    In early October 2010, Defendants contacted Michael and set up an interview for him on October 9, 2010, for his prior position with Counselor Yvette Laboy and Asst. Principal Harold Hale.

22.    On October 9, 2010, Michael was interviewed at Von Stuben school by Ms. Laboy and Mr. Hale.

23.    Also on October 9, 2010, Ms. Laboy issued a letter to Michael notifying him that Defendants chose another candidate for the position.

24.    Defendants instead hired and/or otherwise filled Michael's former position with a person of a different race, national origin, color and/or ethnicity than Michael.

25.    Defendants had no legitimate reason for refusing to re-hire Michael.

26.    Defendants' asserted reason for refusing to re-hire Michael is a pretext to hide its true racial, national origin, color and/or ethnic motivation for such decision.

27.    At all relevant times, Michael's work performance met or exceeded Defendants' legitimate expectations.

## Count I: Race Discrimination in Violation of Title VII

28.    Michael realleges and reaffirms the allegations of paragraphs 1 through 27, above, and sets them forth as paragraph 28, *in haec verba*.

29.    Title VII makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of his or her race.

30.    Defendants' refused to re-hire Michael because of his race in violation of Title VII.

31.    As a direct and proximate result of Defendants' illegal race discrimination as described above, Michael has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment

benefits and other pecuniary and non-pecuniary damages.

32.     Defendants knew that its acts as described above were prohibited by Title VII, or

acted with reckless disregard to that possibility.

**WHEREFORE**, Plaintiff, MICHAEL SEFERROCHE f/k/a MICHAEL T. ROCHE,

respectfully prays unto this Honorable Court to enter judgment against Defendants as

follows:

A.      Order Defendants to make Michael whole by paying him appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Defendants to immediately reinstate Michael to his former position or one  comparable thereto; or, in the alternative, order Defendants to pay Michael an appropriate amount of front pay;

C.      Order Defendants to pay Michael compensatory damages in the maximum amount allowable under the law;

D.      Order Defendants to pay Michael's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

E       Try all issues of fact to a jury; and,

F.      Grant such other relief as the Court deems just.

## Count II: National Origin Discrimination in Violation of Title VII

33.     Michael realleges and reaffirms the allegations of paragraphs 1 through 27, above,

and sets them forth as paragraph 33, *in haec verba*.

34.     Title VII makes it unlawful to discriminate against any individual in the terms,

conditions or privileges of employment on the basis of his or her national origin.

35.     Defendants' refused to re-hire Michael because of his national origin in violation of

Title VII.

36. As a direct and proximate result of Defendants' illegal national origin discrimination as described above, Michael has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

37. Defendants knew that its acts as described above were prohibited by Title VII, or acted with reckless disregard to that possibility.

**WHEREFORE**, Plaintiff, MICHAEL SEFERROCHE f/k/a MICHAEL T. ROCHE, respectfully prays unto this Honorable Court to enter judgment against Defendants as follows:

A. Order Defendants to make Michael whole by paying him appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order Defendants to immediately reinstate Michael to his former position or one comparable thereto; or, in the alternative, order Defendants to pay Michael an appropriate amount of front pay;

C. Order Defendants to pay Michael compensatory damages in the maximum amount allowable under the law;

D. Order Defendants to pay Michael's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

E. Try all issues of fact to a jury; and,

F. Grant such other relief as the Court deems just.

## Count III: Race, Color and/or Ethnicity Discrimination in Violation of Section 1981

38. Michael realleges and reaffirms the allegations of paragraphs 1 through 27, above, and sets them forth as paragraph 38, *in haec verba*.

39.     Section 1981 makes it lawful to discriminate against any person in the terms and privileges of employment, or to take any adverse action against any person because of his or her race, color or ethnicity.

40.     Defendants' refused to re-hire Michael because of his race, color and/or ethnicity in violation of Section 1981.

41.     As a direct and proximate result of Defendants' illegal discrimination against Michael, he has suffered a loss of wages, including but no limited to salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

42.     Defendants knew that their  acts as described above were prohibited by Section 1981, or acted with reckless disregard to that possibility.

**WHEREFORE**, Plaintiff MICHAEL SEFERROCHE f/k/a MICHAEL T. ROCHE respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.      Order Defendants to make Michael whole by paying him appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Defendants to immediately reinstate Michael to his former position or one  comparable thereto; or, in the alternative, order Defendants to pay Michael an appropriate amount of front pay;

C.      Order Defendants to pay Michael compensatory damages in the maximum amount allowable under the law;

D.      Order Defendants to pay Michael's costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

E.      Try all issues of fact to a jury; and,

F.     Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, MICHAEL SEFERROCHE f/k/a MICHAEL T. ROCHE,


By:      /s/ Timothy J. Coffey
             Timothy J. Coffey, Esq.
             THE COFFEY LAW OFFICE, P.C.
             Attorneys for MICHAEL SEFERROCHE
             f/k/a MICHAEL T. ROCHE
             351 W. Hubbard Street, Suite 602
             Chicago, IL   60654
             (312) 627-9700